Filed 6/4/24  In re D.B. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re D.B. et al., Persons Coming Under the Juvenile Court Law. | B333354 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super Ct. No. 19CCJP01702A–C) |
| Plaintiff and Respondent, | |
| v. | |
| E.B., | |
| Defendant and Appellant. | |

APPEAL from findings and orders of the Superior Court of Los Angeles County.  Mary E. Kelly, Judge.  Appeal dismissed.

Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We address E.B.'s (Father) appeal from the trial court order terminating his parental rights.

The trial court found Father to be the presumed father of D.B., B.B., and A.B. D.B. is now 11 years old, B.B. is 7 years old, and A.B. is 5 years old. The trial court asserted jurisdiction because it found Father committed domestic violence against the children's mother (Mother) and Mother failed to protect the children. At the dispositional hearing, the trial court placed the children with Mother and removed the children from Father. The trial court ordered enhancement services for Father including a domestic violence program, individual counseling, and on-demand drug testing. The juvenile court also ordered monitored visits for Father.

Thereafter, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition under Welfare and Institutions Code section 342,[1] and asked the trial court to remove the children from Mother. The trial court sustained the petition and removed the children from Mother's custody. Father appeared at the section 342 hearing, and the trial court converted his enhancement services to reunification services.

By the time of the six-month review hearing, Father was incarcerated. He did not appear at the hearing but was represented by counsel. The trial court extended reunification services for both parents, and the children remained placed outside of both parents' care.

---

[1] All statutory references are to the Welfare and Institutions Code.

2

At the 12-month review hearing, the trial court found that DCFS provided reasonable services to Father, and extended services for Father while terminating services for Mother. Per his counsel, Father remained in custody.

At the 18-month review hearing, the trial court terminated Father's reunification services. The trial court noted that Father was in custody, but was not in compliance with his case plan. The trial court also stated that Father was likely to remain in custody throughout the dependency case.

After a multitude of continuances, the trial court conducted a section 366.26 hearing to consider terminating parental rights. Father appeared at the hearing via Webex and had counsel representing him. Father's counsel called D.B. as a witness. D.B. said he did not like living with Father. Before Father went to prison, D.B. remembered that Father used to take him to the park and they had fun. More recently, while Father was in prison, D.B. also stated that he talked to Father on the phone about school and his grades. D.B. also said he would be fine if he did not get to speak to his parents after being adopted. After the close of evidence, Father's counsel argued that the parental exception precluded the trial court from terminating Father's parental rights. The trial court found that the children's relationship with their parents was "more of a friend, a friendly visitor, aunt and uncle." Consequently, the trial court terminated parental rights and found that the parental-benefit exception did not apply.

Father appealed from the section 366.26 hearing. After examining the record, Father's appellate counsel filed an opening brief which raised no issues, and advised Father that he could request permission from this court to file a supplemental brief

3

upon a showing of good cause that an arguable issue exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 843–844 (*Phoenix H.*).) On March 7, 2024, Father filed a letter brief in which he asserted that his newest prison would allow him to complete his case plan, he will be released from prison in 14 months or less, and he maintained regular contact with the children with phone calls because he was not allowed to use video calls. To his credit, Father also took full responsibility for his incarceration.

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant bears the burden of establishing error. Where an appellant does not establish an error, we may dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*).) Unlike in a criminal case, we have no duty to conduct an independent review of the record. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–843.)

In this case, Father has not raised any arguable issues that the trial court erred in terminating his parental rights. While commendable that Father seeks to complete his case plan, his intention does not present any arguable issues for review. Once a child is adoptable, the Legislature has defined discrete exceptions to prevent the termination of parental rights, and a parent's willingness to complete the case plan is not among them. (See § 366.26(c)(1)(B).) Similarly, his arguments that he has maintained contact with his children and that he may be released in little more than a year do not raise any arguable issues regarding the sufficiency of the evidence supporting the juvenile court's findings and orders. (See *In re Caden C.* (2021) 11 Cal.5th 614, 631 [clarifying standard for evaluating the parental-benefit exception].) We accordingly dismiss Father's appeal. (*Phoenix*

*H.*, *supra*, 47 Cal.4th at p. 846; *Sade C.*, *supra*, 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.


                                        VIRAMONTES, J.

WE CONCUR:


        GRIMES, Acting P. J.


        WILEY, J.


5